UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TY-RON STEVEN ANDERSON,

        Petitioner,        Case No. 2:18-cv-11690
                                       Hon. George Caram Steeh

v.

PATRICK WARREN,

        Respondent.
_____/

**OPINION AND ORDER STAYING**
**HABEAS PETITION AND HOLDING CASE IN ABEYANCE**

Ty-Ron Steven Anderson filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his 2015 Wayne Circuit Court conviction for first-degree murder, felon in possession of a firearm, and commission of a felony with a firearm. The petition raises four claims: 1) there was insufficient evidence presented at trial to sustain Petitioner's convictions, 2) the prosecutor committed misconduct at trial, 3) Petitioner was denied the effective assistance of trial counsel, and 4) Petitioner's appellate counsel was ineffective for failing to raise additional allegations of ineffective assistance of trial counsel.

-1-

Petitioner asserts that his first three habeas claims were presented to the Michigan Court of Appeals and Michigan Supreme Court during his direct appeal. He asserts that his fourth claim was only presented to the Michigan Supreme Court but not to the Michigan Court of Appeals. The Michigan Supreme Court denied relief on May 31, 2017. *People v. Anderson*, No. 155056 (Mich. Sup. Ct. May 31, 2017). The habeas petition was signed and dated on May 22, 2018.

**I. Discussion**

After a petition for habeas corpus is filed the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The district court can and must raise

the exhaustion issue on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). "[S]ubmission of new claims to a state's highest court on discretionary review does not constitute fair presentation of the claims to the state courts." *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)).

A prisoner is required to comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. See *Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure to exhaust Petitioner's fourth claim is available. Petitioner may file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

Normally, a petition that contains unexhausted claims will be dismissed without prejudice so that Petitioner can present his unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). However, to avoid problems with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt instead to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). Here, Petitioner filed his habeas petition with about only three months remaining on the statute of limitations. Accordingly, a stay of proceedings is warranted rather than a dismissal without prejudice.

The Court will therefore stay the petition for writ of habeas corpus and hold the case in abeyance. Before proceeding in federal court, Petitioner must exhaust his fourth habeas claim in the state courts by filing a motion for relief from judgment in the trial court within 60 days of this order, and then if it is denied, he must file timely appeals in the Michigan Court of Appeals and Michigan Supreme Court. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Failure to

comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Petitioner has another option. Petitioner may delete his unexhausted fourth claim and proceed only on his exhausted first three claims (those that were presented to the Michigan Court of Appeals on direct appeal). If Petitioner wishes to exercise this option, he may move to re-open this case and amend his petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of any of Petitioner's claims.

## II. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate whether the Court was correct in its

procedural ruling. Accordingly, the Court will deny a certificate of appealability. The Court also will deny Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

### III. Order

It is **ORDERED** that the petition for writ of habeas corpus is **STAYED** and this case is **HELD IN ABEYANCE**. This order is conditioned upon Petitioner filing his motion for relief from judgment within 60 days of this order and then filing a motion to reopen the case and an amended petition—using the case number already assigned to this case—within sixty 60 days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that should Petitioner wish to proceed only on his exhausted claims instead of pursuing state post-conviction review, he

may move to re-open this case and amend his petition to delete his unexhausted fourth claim within 30 days of the date of this order.

It is further **ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis are **DENIED**.

A failure to abide by the time limits of this order may result in dismissal of this action.

Dated: June 7, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2018, by electronic and/or ordinary mail and also on Ty-Ron Steven Anderson #405128, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk